*Singh v. Garland*

BIA
Lurye, IJ
A208 198 515

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-four.

PRESENT:

> REENA RAGGI,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

BALJINDER SINGH,

> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

21-6120
NAC

**FOR PETITIONER:**             Suraj Raj Singh, Richmond Hill, NY.

**FOR RESPONDENT:**             Brian Boynton, Acting Assistant Attorney
                                General; Holly M. Smith, Assistant Director;
                                Aric A. Anderson, Trial Attorney, Office of
                                Immigration Litigation, United States
                                Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Baljinder Singh, a native and citizen of India, seeks review of a decision of the BIA affirming the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and denying his motion for a continuance. *In re Baljinder Singh,* No. A 208 198 515 (B.I.A. Feb. 3, 2021), *aff'g* No. A 208 198 515 (Immig. Ct. N.Y. City Aug. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and

2

"the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 163, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We review the agency's denial of a continuance for abuse of discretion. *See Roman v. Garland*, 49 F.4th 157, 166–67 (2d Cir. 2022). We deny the petition because substantial evidence supports the agency's adverse credibility determination, and the agency did not abuse its discretion in denying Singh's request for a continuance.

Substantial evidence supports the agency's determination that Singh was not credible as to his alleged past persecution by members of a rival political party. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods

3

in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). The agency reasonably relied on the numerous inconsistencies within Singh's testimony and between his testimony and the affidavit he submitted with his asylum application. First, Singh stated in his affidavit that both he and his father were beaten in April 2013, but, during his testimony, he stated that he had not been beaten during that incident. He then reversed course, stating that in fact his ear was injured during the incident. This, however, was also inconsistent with his affidavit, in which the only mention of an injury to his ear was in connection with an incident that occurred two years later. Second, his affidavit and testimony differed as to whether a letter tied to a rock and thrown through his window contained threats directed only at him, or at both him and his father. Third, his affidavit and testimony were inconsistent with respect to which incidents he or his family reported to the police. Specifically, he alleged in his affidavit that he went to the police station to report a February 2014 incident, only to have the police throw him out and threaten him with false charges. But in his testimony, he stated that he did not report the February 2014 incident to the police. Finally, he stated in his affidavit that three men attacked

4

him with swords while he was biking in April 2015 but made no mention of filing a report with the police. During his testimony, however, he stated that he was sure that the sword attack occurred in 2014, that both he and his father were attacked, and that his father had reported the incident to the police and been thrown out of the station. When confronted with the inconsistency in the dates, he changed his testimony and said the incident occurred in 2015.

Singh presented no documentary evidence to rehabilitate his inconsistent testimony, and the agency was not required to accept Singh's explanations that he was nervous and unfamiliar with his affidavit. *See id.* § 1158(b)(1)(B)(ii) (providing that asylum applicant's testimony may be sufficient to sustain his burden without corroboration "only if the applicant satisfies the trier of fact that the applicant's testimony is credible"); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Contrary to Singh's arguments, the inconsistencies are not trivial; they demonstrate that Singh could not consistently describe the events at the heart of his claim. *Cf. Hong Fei Gao*, 891 F.3d at 77–78 & n.3 (discussing trivial

inconsistencies).

The multiple inconsistencies and absence of documentary evidence to rehabilitate the testimony constitute substantial evidence for the adverse credibility determination. *See Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). And the adverse credibility determination is dispositive of Singh's asylum, withholding of removal, and CAT relief claims because all three claims are based on the same factual predicate. *See Paul v. Gonzalez*, 444 F.3d 148, 156–57 (2d Cir. 2006).

In addition, the agency did not abuse its discretion by denying Singh's request for a continuance. An IJ "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29.[1] The burden of establishing good cause is on the party

---

[1] We rely on the operative regulation at the time of the IJ's decision in this case. *See Garcia v. Garland*, 64 F.4th 62, 67 n.3 (2d Cir. 2023).

requesting the continuance. *See Matter of L–A–B–R–*, 27 I. & N. Dec. 405, 413 (A.G. 2018). "IJs are accorded wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006), and we review the denial of a continuance only for abuse of discretion, *see Roman*, 49 F.4th at 166–67. An IJ abuses her discretion if "(1) [her] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [her] decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Morgan*, 445 F.3d at 551–52 (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

The IJ did not abuse her discretion by concluding that Singh did not establish good cause for a continuance. At Singh's May 2017 hearing, the IJ granted Singh a continuance until August 2018 to allow Singh time to gather supporting documentation. He failed to do so, and he provided no explanation for this failure. *See Matter of L–A–B–R–*, 27 I. & N. Dec. at 413 (holding that an IJ considering a motion for continuance should "consider whether the alien has exercised reasonable diligence in pursuing [the] relief" for which the continuance is sought). Singh's own attorney stated during his August 2018 hearing that she

had previously supplied Singh with a list of suggested supporting documents, and she could not provide the IJ with "any good reason" for Singh's failure to produce any of those documents. Certified Amin. Record at 106. Moreover, the IJ made clear that, given the volume of hearings on the IJ's calendar, an adjournment of the hearing would result in a three-year delay. "[W]e will not, nor should an IJ be required to, indulge . . . attempts to introduce needless delay into what are meant to be streamlined proceedings." *Morgan*, 445 F.3d at 553 (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8